IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDER BASTANI, <br> 2809 Lee Oaks Court, Unit 102 <br> Falls Church, Virginia 22046, <br><br> ELEANOR LAUDERDALE, <br> 901 Northwest Drive <br> Silver Spring, Maryland 20901, <br><br> KEVIN MCCARRON, <br> 762 Bryden Road <br> Columbus, Ohio 43205-1016 <br><br>     Plaintiffs, <br><br> vs. <br><br> AMERICAN FEDERATION <br> OF GOVERNMENT <br> EMPLOYEES, AFL-CIO, <br> 70 F St., NW <br> Washington DC 20001 <br><br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | \_\_cv\_\_\_\_ |

## COMPLAINT

Plaintiffs Alexander Bastani, Eleanor Lauderdale, and Kevin McCarron, by and through their undersigned counsel, file this Complaint alleging that Defendant

American Federation of Government Employees, AFL-CIO ("AFGE"), violated Plaintiffs' rights protected by the Labor-Management Reporting and Disclosure Act ("LMRDA").

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §412, and 29 U.S.C. §185.

2. Venue is proper in this Court because Defendant maintains its principal office within this District.

## PARTIES

3. Plaintiff Alexander Bastani, served as the elected President of AFGE Local 12, with offices at 200 Constitution Ave., N.W., Room N1503, Washington DC 20010, from April 2006 until his improper removal from office by Defendant in October 2017.

4. Plaintiff Eleanor Lauderdale served as the elected Executive Vice President of AFGE Local 12 from April 2006 until her improper removal from office by Defendant in October of 2017.

5. Plaintiff Kevin McCarron, served as elected Treasurer of AFGE Local 12, with offices at 200 Constitution Ave., N.W., Room N1503, Washington DC

20010, from April 2006 until his improper removal from office by Defendant in October 2017.

6. Defendant AFGE is a labor organization within the meaning of 29 U.S.C. §402(i) and 29 U.S.C. §185. AFGE maintains is principal office at 80 F St., NW, Washington DC 20001. AFGE is a national labor organization with over 1,000 local unions.

## FACTS

7. AFGE Local 12 is based in Washington, D.C., and has approximately 1300 dues paying members.  It is the largest local within the DC Metropolitan Area. Thus, it has the greatest number of delegates from the area to attend the AFGE National Convention.

8. Local 12's charter was issued in 1937.

9. Local 12's members are all employed at the United States Department of Labor, in various locations throughout the DC Metropolitan Area.

10. Local 12 is governed by its Bylaws, attached hereto as Attachment A to the Complaint.

11. Local Unions in AFGE also must operate consistently with the terms of the AFGE Constitution, attached hereto as Attachmen to the Complaint.

12. The AFGE Constitution also sets forth the terms which govern AFGE's relationship with its local unions, including Local 12.

13. Local 12 holds elections for its officer positions every two years.

14. In 2015, Bastani ran unsuccessfully against AFGE National President J. David Cox for the office of National President.

15. Local 12 had an election for officers scheduled for October 18, 2017.

16. The Plaintiffs all planned to run for re-election at that time.

17. Plaintiffs' political opponents within Local 12 had also been campaigning for the 2017 election.

18. Plaintiffs' political opponents within Local 12 were all politically loyal to AFGE National President J. David Cox and National Vice President Eric Bunn.

19. On October 4, 2017, Cox placed Local 12 into trusteeship, through an expedited trusteeship procedure.

20. The grounds for the "emergency" trusteeship (financial improprieties) was never established, and the allegation was subsequently abandoned during the federal court hearing to contest the trusteeship.

21. The imposition and continuation of the trusteeship effectively preempted the scheduled October 18th election of officers.

22. The AFGE appointed a trustee as well as members of the political slate opposed to Bastani to conduct the day to day affairs of the Local and to represent Local 12's members, jobs which the Local 12 membership had elected Plaintiffs to do.

23. Almost a year after imposition of trusteeship, AFGE conducted a hearing to determine "punishment" for the displaced officers of Local 12.

24. The displaced officers never received official notice of the hearing, becoming aware of it by word-of-mouth.

25. Two of the officers, Eleanor Lauderdale and Kevin McCarron, attended the commencement of the hearing to alert the arbitrator that the hearing had not been properly convened on a number of bases. The arbitrator denied their request to reset the hearing with proper notice. The officers left the hearing.

26. After the officers left the hearing room, the arbitrator conducted an *ex parte* hearing at which AFGE laid out the reasons as to why the officers (Alexander Bastani, Eleanor Lauderdale, and Kevin McCarron) should receive expulsions from AFGE.

27. On October 15, 2018, the arbitrator issued his award banning the three plaintiffs from holding union membership for a ten-year period and banning them for lifetime from running for or holding any elected union position

within the entire AFGE organization. Subsequently, AFGE National notified the Plaintiffs of the decision and its implementation of the award.

28. AFGE Local 12 has never before imposed lifetime expulsions on any officer, despite officers being charged and found guilty of far more egregious acts of misconduct than the unproven allegations made against the officer-plaintiffs herein.

29. The penalties were imposed because the offers had challenged AFGE hierarchy on a number of levels and to preclude the officers from ever again challenging the hierarchy of AFGE National leadership.

## COUNT I- LMRDA SECTION 101(A)

30. The allegations set forth above are incorporated by reference as if fully stated within this Count.

31. LMRDA Section §101(a)(2) protects the rights of union members to express their views on their union's internal affairs and its leadership. It is an analog to the U.S. Constitution's First Amendment, but in the context of a member's rights within his labor union. It states in relevant part,

> "FREEDOM OF SPEECH AND ASSEMBLY.-- Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the

    meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

32. LMRDA §102 states, "Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

33. As members and elected leaders of Local 12, Plaintiffs had the right and obligation to express their opinions about how AFGE was being managed.

34. After being placed in Trusteeship, the ousted officer again ran for their displaced offices. Plaintiff Bastani lost his election by 3 votes out of 400 votes cast, Plaintiff Lauderdale lost her election by 9 votes out of 400 votes cast. Plaintiff Bastani timely filed an election protest on five counts to the internal election committee. The committee rejected the multiple page complaint with one sentence. Subsequently, on August 31, 2018, Plaintiff

Bastani timely filed an election protest with AFGE District 14. The arbitrator removed Plaintiffs from membership before District 14 issued a decision, and the removal mooted the right of Plaintiffs to file an election appeal with the Office of Labor Management Standards.

35. The "reasonable rules" proviso of §101(a)(2) cannot be used as a subterfuge to suppress political dissent.

## COUNT II- LMRA SECTION 301

36. The allegations set forth above are incorporated herein as if fully restated within this Count.

37. 29 U.S.C. §185 states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

38. The AFGE Constitution is a "contract between labor organizations" within the meaning of 29 U.S.C. §185. A copy of the Constitution is attached hereto as Exhibit B to the Complaint.

39. AFGE failed to follow the procedures required to expel officers from AFGE, specifically:

    a. AFGE failed to give notice of the hearing to the ousted officers in accordance with its own bylaws.

    b. AFGE did not allow for the employment of an independent arbitrator to decide whether the ousted officer should be penalized. AFGE unilaterally selected, hired, and paid the arbitrator charged with deciding the fate of the officers AFGE had removed from their local positions.

40. The charges against Plaintiffs was not only untimely, being eighteen months old, but an investigation by the federal government found no violations of the LMRDA. Additionally, prior to the Plaintiffs' impromptu removal from office in October of 2017, no officer had received even a letter of warning or a letter of reprimand from either AFGE National or AFGE District 14.

41. In its zeal to silence Plaintiffs' criticisms of, and challenges to, the AFGE hierarchy, AFGE has failed to follow the rules in its own Constitution in order to exile the Plaintiffs herein.

**RELIEF REQUESTED**

42. The allegations set forth above are incorporated herein as if fully restated under this Request for Relief.

43. It is respectfully requested that this Court:

    a. Order the Plaintiffs restored to full union membership, immediately, with all rights of membership, including the right to run for and hold office within the AFGE organization. Such membership to be retroactively effectuated to the date of Plaintiffs' removal.

    b. Order AFGE to issue a union-wide (all AFGE) email informing the AFGE membership of Plaintiffs' restoration to full AFGE membership.

    c. Order that each Plaintiff be paid Five Hundred Thousand Dollars ($500,000.00) each in punitive damages.

    d. Order that all court costs be paid by Defendants AFGE

Respectfully submitted,

_____/S/_____
Eleanor R. Jenkins
901 Northwest Drive
Silver Spring, MD 20901
Bar #933994
Email: afge12@aol.com
Tel: #240-472-2229

Dated: October 23, 2020
*Counsel for Plaintiffs*

## CERTIFICATEOF SERVICE

I certify that on October 23, 2020, I filed the foregoing COMPLAINT on the Court's ECF system, which will in turn serve electronic notice to all counsel of record.

                                          Respectfully submitted,

                                          _____/S/_____
                                          Eleanor R. Jenkins
                                          901 Northwest Drive
                                          Silver Spring, MD 20901
                                          Bar #933994
                                          Email: afge12@aol.com
                                          Tel: #240-472-2229

                                          Dated: October 23, 2020
                                          *Counsel for Plaintiffs*