UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER BASTANI, *et al.*,

    *Plaintiffs,*

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,

    *Defendant.*

Civil Action No. 20-3061 (RDM)

## AFGE'S MOTION TO DISMISS

The American Federation of Government Employees ("AFGE") moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), to dismiss Plaintiffs' complaint without prejudice for insufficient process and insufficient service of process. Plaintiffs have failed to effect proper service of process pursuant to Federal Rule of Civil Procedure 4(h) and this Court's August 19, 2021, Order. Dkt. 10. To date, Plaintiffs have not served AFGE in this matter. For the reasons set forth in the accompanying Statement of Points and Authorities, AFGE respectfully requests that this Court grant this Motion to Dismiss and dismiss Plaintiffs' complaint without prejudice. Moreover, if Plaintiffs' complaint is not dismissed, AFGE will move this Court to dismiss Plaintiffs' meritless claims on other grounds, once AFGE is properly served.[1]

---

[1] AFGE does not believe filing this Motion waives its right to assert other grounds for dismissal because AFGE has yet to be served and thus AFGE's responsive deadline has yet to run. To the extent necessary, however, AFGE believes Plaintiffs' complaint must also be dismissed pursuant

Respectfully submitted,

/s/ Rushab Sanghvi
Rushab Sanghvi
Deputy General Counsel
D.C. Bar No. 1012814
Email: SanghR@afge.org


/s/ Rachel Steber
Rachel Steber*
Associate General Counsel
D.C. Bar No. 1672124
Email: Rachel.Steber@afge.org

AFGE, Office of the General Counsel
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6425
Fax: (202) 379-2928
Email: harric@afge.org

*Lead Counsel


Date: November 16, 2021

---

to FRCP 12(b)(1) and (6). First, this Court does not have jurisdiction to hear Plaintiffs' claims because AFGE is not subject to the LMRA or LMRDA in respect to those claims and, even if it were, all such claims are preempted by the Civil Service Reform Act. *See e.g.*, *Hudson v. AFGE*, 20-cv-2738, 2020 WL 3035039, (D.D.C. June 5, 2000). Next, Plaintiffs have failed to state a claim under the LMRDA, LMRA, or any other law they assert.

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALEXANDER BASTANI, *et al.*,

      *Plaintiffs,*

  v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,

      *Defendant.*

Civil Action No. 20-3061 (RDM)

## AFGE'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs filed an unsigned complaint naming AFGE as a defendant on October 22, 2020. On November 5, 2020, the Court directed Plaintiffs to refile a signed complaint, compliant with the Court's rules. Dkt. 5. Plaintiffs did not file a signed complaint as directed by the Court, and on April 21, 2021, this Court ordered Plaintiffs to file a signed complaint on or before April 28, 2021, or to show cause why the case should not be dismissed for failure to prosecute. Dkt. 7. On April 27, 2021, Plaintiffs filed an amended complaint, tolling the 90-day requirement for Plaintiffs to serve AFGE and file proof of service under FRCP 4(m). Dkt. 8. On August 4, 2021, after Plaintiffs failed to serve AFGE before the expiration of 90-days, the Court issued a Rule 4(m) Order requiring Plaintiffs to serve AFGE on or before August 18, 2021, to avoid dismissal of their complaint. Dkt. 9, Order at 1-2. On August 18, 2021, Plaintiff requested, and the Court granted, an extension to the time to serve AFGE until September 30, 2021. Dkt. 10.

Plaintiffs failed to comply with this Court's August 18, 2021, Order to serve AFGE by September 30, 2021, and indeed, have failed to serve, let alone properly serve, AFGE at all.[2] On October 16, 2021, Plaintiff purported to serve AFGE; however, Plaintiff instead served a different organization, the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"). Dkt. 15. The AFL-CIO is a separate organization from AFGE and located at a different address from where AFGE is headquartered. Indeed, Plaintiffs' own proof of service demonstrates that they did not serve the address they have listed for AFGE. *See* Dkt. 8 (Amended Complaint), listing AFGE's address as 70 F St., NW, Washington, DC 20001; *see also* Dkt. 16 (Proof of Service), asserting proof of service at the AFL-CIO, located at 815 Black Lives Matter Plz., Washington, DC 20006. Moreover, while it is clear Plaintiffs have not served AFGE, Plaintiffs' process is also insufficient because the complaint and summons fail to contain AFGE's correct address.[3]

To date, AFGE has neither been served nor have Plaintiffs corrected the complaint or the summons to reflect AFGE's correct address. Consequently, the Court should dismiss Plaintiffs' complaint for insufficient process, insufficient service of process, and for Plaintiffs' failure to abide by this Court's August 18, 2021, Order and serve AFGE in the time required by FRCP 4(m).[4]

---

[2] AFGE's 21-day responsive deadline has not yet begun due to Plaintiffs' failure to effect proper service. As such, if Plaintiffs' complaint is not dismissed, AFGE's responsive deadlines will begin on the date in which Plaintiff effects proper service.

[3] AFGE is located at 80 F Street, NW Washington, DC 20001. This address is listed on AFGE's website at www.afge.org.

[4] AFGE notes that Plaintiffs are not proceeding *pro so* but are represented by an attorney.

## ARGUMENT

Plaintiffs' complaint must be dismissed because Plaintiffs failed to abide by this Court's August 18, 2021, Order, failed to ensure proper process, and failed to effect proper service of process. First, Plaintiffs have failed to effect proper service of process as required by Federal Rule of Civil Procedure 4(h). "Pursuant to Federal Rule of Civil Procedure 12(b)(5), 'if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint' without prejudice." *Graves v. Republic Nat'l Distrib. Co.*, 42 F. Supp. 3d 121, 123 (D.D.C. 2014) (citing *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003)). Proper service "is not a mindless technicality." *Williams v. GEICO Corp.*, 792 F.Supp.2d 58, 65 (D.D.C. 2011). Rather, valid service is necessary to ensure valid personal jurisdiction. *Cambridge Holdings Grp. v. Fed. Ins. Co.,* 489 F.3d 1356, 1361 (D.C. Cir. 2007). Therefore, the court may dismiss a complaint for insufficient service of process under Rule 12(b)(5) even if the defendant has notice of the claims. *See, e.g*, *Norris v. District of Columbia Gov't*, Civil No. 05-1122 HHK/DAR, 2008 U.S. Dist. LEXIS 117854, at *24-25 (D.D.C. Aug. 1, 2008) (holding that service of process was insufficient when a mail room clerk signed for a package not addressed to an officer or agent of the university). Indeed, courts "routinely dismiss lawsuits against defendants, including in the District of Columbia, when service is not properly effectuated." *Dominguez v. D.C.*, 536 F.Supp.2d 18, 23 (D.D.C. 2008). When service of process has been challenged, the plaintiff bears the burden of establishing that it complied with court rules *See, e.g.*, *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.") (internal quotations and citations omitted).

Here, Plaintiffs did not serve AFGE, instead, Plaintiffs incorrectly delivered their deficient summons and complaint to the AFL-CIO, a separate organization located at a different address entirely from AFGE. Plaintiffs' failure to serve AFGE is highlighted by their purported proof of service. As noted above, the proof of service indicates that service was made at the address of the AFL-CIO, which is not an address associated with AFGE. Moreover, the address on the proof of service is not the address Plaintiffs themselves list for AFGE on their complaint.[5] *Compare* Dkt. 8 to Dkt 16. Consequently, Plaintiffs have failed to effect proper service of process on AFGE, let alone serve AFGE at all.

Next, while Plaintiffs have clearly not served AFGE, they have also failed to meet this Court's deadline for service and the requirement under Rule 4(m). Rule 4(m) provides that a Plaintiff must serve a Defendant "within 90 days after the complaint is filed," otherwise "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Not only did Plaintiffs blatantly miss the 90-day deadline to serve AFGE; Plaintiffs also missed the two additional and extended service deadlines ordered by this Court, ultimately unsuccessfully attempting to serve AFGE on October 16, 2021, almost a year after initially filing their complaint.[6]

As a result of Plaintiffs' continued failure to serve AFGE, this Court must dismiss this case without prejudice pursuant to FRCP 4(h) and 12(b)(5).

---

[5] AFGE again notes that Plaintiffs' complaint and summons are deficient because they contain an incorrect address for AFGE. The complaint and summons list 70 F Street, NW, as AFGE's address when AFGE is actually located at 80 F Street, NW. As a result, Plaintiffs' complaint should also be dismissed pursuant to Rule 12(b)(4) for insufficient process.

[6] 90-days from the date Plaintiffs filed their complaint was January 20, 2021.

4

## CONCLUSION

Based on the foregoing reasons, AFGE respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiffs' complaint in its entirety.

        Respectfully submitted,

        /s/ Rushab Sanghvi
        Rushab Sanghvi
        Deputy General Counsel
        D.C. Bar No. 1012814
        Email: SanghR@afge.org

        /s/ Rachel Steber
        Rachel Steber*
        Associate General Counsel
        D.C. Bar No. 1672124
        Email: Rachel.Steber@afge.org

        AFGE, Office of the General Counsel
        80 F Street, NW
        Washington, DC 20001
        Tel: (202) 639-6425
        Fax: (202) 379-2928
        Email: harric@afge.org

        *Lead Counsel

Date: November 16, 2021

## **CERTIFICATE OF SERVICE**

   I certify that, on November 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia through the CM/ECF system. All parties were served via CM/ECF.

                                 /s/ Rachel Steber
                                 Rachel Steber