UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER BASTANI, *et al.*,

    *Plaintiffs*,

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,

    *Defendant*.

Civil Action No. 20-3061 (RDM)

## MEMORANDUM OPINION

Plaintiffs in this action are three former officers of the American Federation of Government Employees ("AFGE") Local 12 who allege that the national organization of the AFGE violated their rights under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 *et seq.*, by improperly removing them from their offices. *See* Dkt. 8 at 2–3 (Am. Compl. ¶¶ 3–5). Before the Court is Defendant's motion to dismiss the case for improper process and improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Dkt. 17. For the reasons set forth below, the Court will **GRANT** Defendant's motion and will **DISMISS** the case without prejudice.

Counsel's failure to comply with the federal rules has kept this matter grounded for well over a year and a half. Plaintiffs commenced this action on October 22, 2020. *See* Dkt. 1 (Compl.). The initial version of the complaint, however, was unsigned, and, as a result, the Court ordered Plaintiffs to file a corrected version of the complaint that complied with the requirements of Rule 11(a), *see* Dkt. 7, which they did on April 27, 2021, *see* Dkt. 8 (Am. Compl.). Plaintiffs' next run-in with the rules followed shortly thereafter. Although Plaintiffs

properly filed their amended complaint, they neglected to request a summons from the Clerk's office, and the case languished for 99 days without the issuance of a summons or service of process on Defendant.  Because Plaintiffs failed to serve Defendant within the 90 days required by Rule 4(m), on August 4, 2021, the Court ordered Plaintiffs to "cause process to be served upon Defendant[] and proof of service to be filed with the Court or establish good cause for the failure to do so" on or before August 18, 2021.  Dkt. 9 at 2; *see* Fed. R. Civ. P. 4(m).  The Court warned Plaintiffs that their "[f]ailure to make such filings" would "result in dismissal of this case without prejudice."  *Id.*  At Plaintiffs' request and for good cause shown, the Court later extended the deadline to September 30, 2021.  *See* Min. Order (Aug. 19, 2021).

Despite receiving an extra 43 days, Plaintiffs waited until the last possible day, September 30, 2021, before even requesting a summons from the Clerk's office, Dkt. 11, and the summons did not issue until October 1, 2021, *see* Dkt. 13.  On October 17, 2021, Plaintiffs filed an affidavit on the docket from Plaintiffs' process server, in which the process server attested to having served AFGE "on 10/13/2021 at 12:01 PM at 815 Black Lives Matter Plz NW, Washington, DC 20006," where he personally delivered a copy of the complaint and summons to the "Front desk/Guards."  Dkt. 16 at 1.  The process server further attested that "a copy of [the summons and complaint] was mailed postpaid, sealed wrapper, properly addressed to American Federation Of Government Employees, AFL-CIO at 815 Black Lives Matter Plz NW, Washington, DC 20006 on 10/13/2021 following all requirements of the [District of Columbia]."  *Id.*

On November 16, 2021, Defendant moved to dismiss the complaint for improper process under Rule 12(b)(4) and improper service of process under Rule 12(b)(5).  Dkt. 17.  In its motion, Defendant points to three errors that, it contends, warrant dismissal of this action.  First,

Defendant argues that "Plaintiffs did not serve AFGE" and instead "incorrectly delivered their . . . summons and complaint to the AFL-CIO, a separate organization located at a different address." Dkt. 17 at 6.  Second, Defendant points out that, even if Plaintiffs' service was effective, they failed to comply with the extended deadline the Court set for service pursuant to Rule 4(m).  *Id.*  And, third, Defendant contends that "Plaintiffs' complaint and summons are deficient because they contain an incorrect address for AFGE"—that is, 70 F Street, NW, instead of AFGE's actual address, 80 F Street, NW.  *Id.* at 6 n.5.  Plaintiffs, who are represented by counsel, have not responded in any way to Defendant's motion, although months have now passed since their deadline to do so.  For several reasons, the Court agrees that Plaintiffs did not properly serve Defendant when they caused copies of the complaint and summons to be delivered to the AFL-CIO at 815 Black Lives Matter Plz NW, Washington, DC 20006, and, thus, the Court will grant Defendant's motion and will dismiss this action without prejudice.

      Federal Rule of Civil Procedure 4(h) provides that service upon an unincorporated association, such as a labor union, must be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(B).  Alternatively, under Rule 4(e)(1), a plaintiff may effect service on an association in the same manner provided by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  D.C. Superior Court Civil Rule 4(h), in turn, permits service by delivery of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," D.C. Sup. Ct. Civ. R. 4(h); *see also* D.C. Code § 29-104.12(c), and further authorizes delivery by registered or certified mail, return

receipt requested, D.C. Sup. Ct. Civ. R. 4(c)(4). Finally, the Labor-Management Relations Act of 1947 ("LMRA") includes a specific provision related to service of process on labor unions. Under the LMRA, "[t]he service of summons, subp[oe]na, or other legal process . . . upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization." 29 U.S.C. § 185(d).

When a defendant moves to dismiss for insufficient service of process, the plaintiff "has the burden of establishing [the] validity" of the service. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quoting 4A Wright & Miller, *Federal Practice and Procedure* § 1083 (4th ed. 2015)). "[T]o do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.* "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). As a result, "[f]ailure to effect proper service is . . . a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny v. Embassy of Fr. in the U.S.*, 220 F. Supp. 3d 34, 38 (D.D.C. 2016).

Here, although represented by counsel, Plaintiffs have failed to respond to Defendant's challenge to their service of process for over seven months, and, for that reason alone, they have failed to meet their burden of establishing that service was properly effected. But, even looking beyond that default, the Court is convinced that Plaintiffs failed properly to effect service. As discussed, Plaintiffs' process server attempted to effectuate service upon Defendant through two means: first, he delivered a copy of the complaint and summons to the front desk at 815 Black Lives Matter Plz NW, Washington DC 20006, and, second, he mailed a copy of the complaint and summons to the same address. Dkt. 16 at 1. Unfortunately for Plaintiffs, both of these

4

methods admit of a fatal flaw: 815 Black Lives Matter Plz NW, Washington DC 20006 is the address of the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"), which is "a separate organization from AFGE and located at a different address from where AFGE is headquartered." Dkt. 17 at 4. Indeed, that address is different from the one that Plaintiffs *themselves* listed for AFGE on their complaint, which correctly identifies AFGE's place of business as 80 F Street NW. *Compare* Dkt. 8 at 3 (Am. Compl. ¶ 6), *with* Dkt. 16 at 1.

To be sure, Plaintiffs sued AFGE under the name "American Federal of Government Employees, *AFL-CIO*," Dkt. 8 at 1 (Am. Compl.) (emphasis added), and AFGE's own website explains that the union "has been nationally affiliated with the AFL-CIO since AFGE was founded in 1932," *About Us*, AFGE, https://www.afge.org/about-us (last visited June 13, 2022). Mere affiliation of an unincorporated association with a larger umbrella organization, however, does not by itself establish the larger organization as an agent of the smaller one for the purposes of Rule 4.

Because the provisions of Rule 4(h) apply with equal force to unincorporated associations and corporations, decisions assessing analogous relationships in the corporate context are instructive. *See* 4A Wright & Miller, *Federal Practice and Procedure* § 1105 (4th ed. 2015) ("When Rule 4(h) is invoked to serve a partnership or other unincorporated association that is suable in its common name, the principles discussed in the preceding sections in connection with serving process on corporate officers and agents generally apply . . . ."). In general, "service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant," and many cases so hold. *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009) (collecting cases); *see* 4A Wright & Miller, *Federal Practice and Procedure* § 1104 (4th ed. 2015). "[C]ourts have consistently recognized" an exception to

5

this rule, however, whereby a "subsidiary may be found to be a parent corporation's agent at law for service of process, or . . . a parent may be held a subsidiary's agent at law for service of process" if the "evidence shows that one is the agent or alter ego of the other." *Delta Constructors, Inc.*, 259 F.R.D. at 249.  As Wright and Miller explains,

> the parent-subsidiary relation alone ordinarily does not establish the necessary agency for making service on one through the other if the two maintain separate identities . . . .  The cases indicate that to sustain service on the parent through the subsidiary, or vice versa, a showing that the subsidiary corporation is acting as an agent for the parent corporation's separate business within the state or that the two corporations are not really separate entities has been required.

4A Wright & Miller, *Federal Practice and Procedure* § 1104 (4th ed. 2015).  In line with these cases, the D.C. Circuit has held that, "[w]hile the relationship of a parent and subsidiary alone [does] not suffice, where the two corporations are not really separate entities[,] service on the parent will reach a . . . subsidiary." *I.A.M. Nat'l Pension Fund, Benefit Plan A v. Wakefield Indus., Inc., Div. of Capehart Corp.*, 699 F.2d 1254, 1258–59 (D.C. Cir. 1983).

      Consistent with these principles, courts have long recognized, as a general matter, that the "national and local affiliates of a union are not [usually] the same organization," *Sullivan v. Potter*, No. 05-818, 2006 WL 785289, at *2 (D.D.C. Mar. 28, 2006); *see, e.g.*, *Wentz v. Int'l Bhd. of Elec. Workers*, 578 F.2d 1271, 1272 (8th Cir. 1978); *Di Giorgio Fruit Corp. v. NLRB*, 191 F.2d 642, 647–48 (D.C. Cir. 1951), and that service upon a local labor organization does not effectuate service upon a larger parent union if the local organization maintains a degree of autonomy, *see, e.g.*, *Morgan Driver Away, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 268 F.2d 871, 877 (7th Cir. 1959); *Gray v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local No. 51*, 416 F.2d 313, 316 (6th Cir. 1969); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1105 (4th ed. 1105) ("[A]n autonomous local labor union usually is not considered the agent of a national or international

union for purposes of service on the latter."). The converse is also true: service on the parent union will not suffice to effectuate service on a local union that maintains a degree of autonomy.

Here, Defendant has represented that AFL-CIO is a "separate organization" from AFGE, and there is nothing in the record to suggest that AFL-CIO either was AFGE's agent for the purposes of receiving service or that AFGE is an "alter ego" of—or functionally inseparable from—AFL-CIO. Plaintiffs might have attempted to establish one of these conditions in response to Defendant's motion, but they declined to avail themselves of that opportunity.

Accordingly, the Court will **GRANT** Defendant's motion to dismiss, Dkt. 17, and will **DISMISS** this action without prejudice.

A separate order will issue.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  June 14, 2022